**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SONIA BUCHANAN,**

           **Plaintiff,**

**-vs-**                                                                      **Case No. 6:05-cv-1480-Orl-31KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. Doc. No. 6. This matter has been referred to me for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**I.      PROCEDURAL HISTORY.**

    On October 4, 2005, Sonia Buchanan filed a Complaint in this Court seeking review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits under the Federal Old Age, Survivors and Disability Insurance Program (OASDI), 42 U.S.C. § 401, *et seq.*, and supplemental security income payments under the Supplemental Security Income for the Aged, Blind, and Disabled Program (SSI), 42 U.S.C. § 1382, *et seq.* Doc. No. 1. Thereafter, the Commissioner filed the present motion, in which she contends that Buchanan did not file her complaint in this case within sixty days after she received notice of the final decision of the Commissioner denying her application for benefits. Doc. No. 6.

The Commissioner relies on evidence outside the pleadings in support of her motion to dismiss or in the alternative motion for summary judgment. Hence, on March 24, 2006, I entered an Order advising the parties that the Court would take the motion for summary judgment under consideration on April 10, 2006. Doc. No. 7. I granted Buchanan leave to file any relevant evidence within the purview of Federal Rule of Civil Procedure 56 in opposition to the motion before that date. Doc. No. 7. To date, Buchanan has not submitted any evidence or argument in opposition to the Commissioner's motion for summary judgment.

**II.   STANDARD OF REVIEW.**

The Federal Rules of Civil Procedure provide that the use of material outside the pleadings converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b)(6); *Marine Coatings of Alabama, Inc. v. United States*, 792 F.2d 1565, 1567-68 (11th Cir. 1986). However, "[t]he cases from this circuit are clear that before a motion to dismiss may be converted to one for summary judgment the court must first communicate its intention to the parties to so treat the motion and then allow the parties ten days to submit any relevant evidence and argument in support or opposition to the merits." *Id*. at 1568 (citing *Milburn v. United States*, 734 F.2d 762, 766 (11th Cir. 1984)).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of

material fact.'" *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once that showing has been made, the burden shifts to the party opposing the motion to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted). To meet this burden, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleading[.]" Fed. R. Civ. P. 56(e).

In addition, the court cannot base the entry of summary judgment solely on the fact that the motion is unopposed. Rather, the Court must consider the merits of the motion. *United States v. One Piece of Real Property, 5800 S.W. 4th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).

### III.  STATEMENT OF FACTS.

The following facts are undisputed. Buchanan applied for social security disability benefits. On July 6, 2005, an administrative law judge issued a decision denying Buchanan's claim for benefits. Doc. No. 6-2 (Declaration of Patrick J. Herbst ¶ 3(a)). Thereafter, Buchanan requested review of this decision. On July 27, 2005, the Appeals Council denied Buchanan's request for review. *Id.*; *see also* Doc. No. 1 at 1.

### IV.  ANALYSIS.

The Social Security Act provides that a claimant may obtain judicial review of a final decision by the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The filing deadline is a statute of limitations, barring any late filed claim. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). A court, acting in equity, may toll a statute

of limitations "only upon finding an inequitable event that prevented plaintiff's timely action." *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation omitted).

As previously discussed, the Appeals Council denied Buchanan's request for review on July 27, 2005. The pertinent social security regulation provides that a civil action seeking review of a final decision of the SSA "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulation further provides that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.

Buchanan never requested an extension of time to file the complaint, and she has made no showing to rebut the presumption that she received notice of the Appeals Council's decision denying her request for review five days after the date the decision was issued. Thus, it is presumed that Buchanan received notice of the Appeal's Council's denial of her request for review on August 1, 2005. Accordingly, the deadline for Buchanan to file her complaint with this Court was September 30, 2005. Buchanan filed her complaint on October 4, 2005, four days after the statute of limitations expired.

Considering that Buchanan has not presented any argument or evidence in opposition to the Commissioner's motion for summary judgment, I find that the doctrine of equitable tolling is

inapplicable in this case. Therefore, I respectfully recommend that the Court find that Buchanan's complaint was untimely and, therefore, barred by the statute of limitations.

## V.     RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (doc. no. 6) be **GRANTED,** that the Court **DISMISS** this case, and that the Clerk of Court thereafter close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 18, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties